# COMMONWEALTH OF VIRGINIA



ALBEMARLE CIRCUIT COURT
Civil Division
501 E. JEFFERSON ST.
CHARLOTTESVILLE VA 22902
(434) 972-4085

## SERVE

Summons

To: CAMPING WORLD INC
CT CORPORATION SYSTEM
4701 COX RD, STE 285
GLEN ALLEN VA 23060

Case No. 003CL18001369-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, September 12, 2018

Clerk of Court: JON R ZUG

by ___Stacy Brandt_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   FEINMAN, JAMES B
PO BOX 697
LYNCHBURG VA 24505

# COMMONWEALTH OF VIRGINIA



ALBEMARLE CIRCUIT COURT
Civil Division
501 E. JEFFERSON ST.
CHARLOTTESVILLE VA 22902
(434) 972-4085

**SERVE**

Summons

To: CAMPING WORLD RV SALES LLC
CT CORPORATION SYSTEM
4701 COX RD, STE 285
GLEN ALLEN VA 23060

Case No. 003CL18001369-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, September 12, 2018

Clerk of Court:  JON R ZUG

by _____Stacey Brandt_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   FEINMAN, JAMES B
PO BOX 697
LYNCHBURG VA 24505

# COMMONWEALTH OF VIRGINIA



ALBEMARLE CIRCUIT COURT
Civil Division
501 E. JEFFERSON ST.
CHARLOTTESVILLE VA 22902
(434) 972-4085

**SERVE**

Summons

To: CAMPING WORLD INC
CT CORPORATION SYSTEM
4701 COX RD, STE 285
GLEN ALLEN VA 23060

Case No. 003CL18001369-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, September 12, 2018

Clerk of Court: JON R ZUG

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:    FEINMAN, JAMES B
PO BOX 697
LYNCHBURG VA 24505

VIRGINIA:  IN THE CIRCUIT COURT FOR ALBEMARLE COUNTY

SANDRA G. LEWIS,                           *
                                           *
                Plaintiff,                  *
                                           *
WESLEY S. LEWIS,                           *
                                           *
                Plaintiff,                  *
        v.                                  *           **COMPLAINT**
                                           *
JAYCO, INC.                                *
                                           *
                Defendant,                  *
                                           *
Please Serve, Pursuant to                  *
VA Code § 8.01-329:                        *
                                           *
Secretary of the Commonwealth              *
Office of the Secretary                    *
P.O. Box 2454                              *
Richmond, VA 23218                         *
                                           *
JAYCO-VA, LLC,                             *
                                           *
                Defendant,                  *
                                           *
Please Serve:                              *
                                           *
Registered Agent                           *
I Ray Byrd, Jr.                            *
416 S College Ave,                         *
Salem, VA 24153                            *
(Salem City)                               *
                                           *
                                           *
                                           *
                                           *
                                           *

FILED IN THE CLERK'S OFFICE
OF THE CIRCUIT COURT OF THE
ALBEMARLE CIRCUIT COURT

DATE: 09/11/2018 @10:55:30
TESTE: _____
          CLERK/DEPUTY CLERK

CAMPING WORLD RV SALES, LLC,     *
                                 *
            Defendant,           *
                                 *
Please Serve:                    *
                                 *
Registered Agent                 *
CT Corporation System            *
4701 Cox Rd, Suite 285           *
Glenn Allen, VA 23060            *
(Henrico County)                 *
                                 *
CAMPING WORLD INC.               *
                                 *
            Defendant.           *
                                 *
Please Serve:                    *
                                 *
Registered Agent                 *
CT Corporation System            *
4701 Cox Rd, Suite 285           *
Glenn Allen, VA 23060            *
(Henrico County)                 *
                                 *

Now into Court, through undersigned counsel, comes Sandra G. Lewis and

Wesley S. Lewis, Plaintiffs, and moves the Court for judgment against

Defendants JAYCO, INC. (hereafter "Jayco"), JAYCO-VA, LLC (hereafter

"Jayco-VA"), Camping World RV Sales, LLC ("Camping World RV Sales"),

and Camping World Inc. on the basis of the following facts and law:

## Introduction

1.      Sandra G. Lewis and Wesley S. Lewis are married persons with three children residing in Albemarle County.

2.      Defendant Jayco is a for-profit corporation incorporated and headquartered in Indiana. At all times alleged in this complaint, Jayco was a manufacturer and seller of motorhomes.

3.      Defendant Jayco-VA is a Virginia LLC and was created under the laws of Virginia on May 2, 2018. On information and belief, Jayco-VA is an agent of Jayco, and has operated in Virginia since Jayco-VA's creation. On information and belief, Jayco-VA is also a manufacturer and seller of motorhomes.

4.      Defendant Camping World RV Sales is a Minnesota limited liability company with a registered agent in Virginia. At all times alleged in this complaint, Camping World RV Sales was a seller of motorhomes.

5.      Defendant Camping World Inc. is a Kentucky corporation with a registered agent in Virginia. At all times alleged in this complaint, Camping World Inc. was a seller of motorhomes.

## Background Facts

6.      On or about March 17, 2018, Plaintiffs sought to purchase a motorhome for recreational and personal purposes. Plaintiffs had never purchased a motorhome before for any purpose.

7.      On or about March 17, 2018, Plaintiffs found a new 2018 Alante 31R, Class-A Motorhome ("motorhome") that was being sold by Defendants Jayco and Camping World Inc. through their agent, Defendant Camping World RV Sales, in Ashland, Virginia.

8.      Defendants and their agents made oral and written representations to the Plaintiffs that the motorhome had been properly inspected prior to delivery, that the motorhome was fit for use in the ordinary way a motorhome would be used – for recreational travelling and camping – and that the motorhome was free from defects in workmanship performed and/or materials used to assemble the motorhome.

9.      On or about March 17, 2018, Defendant Camping World RV Sales, acting as an agent for defendants Jayco and Camping World Inc, provided Plaintiffs a Virginia State Inspection Certification dated March 17, 2018 for the above-referenced motorhome. The purpose of providing the Certification to Plaintiffs was to demonstrate that the

motorhome was in good condition, safe to operate, and to induce the sale to Plaintiffs.

10.      The Virginia State Inspection Certification stated falsely that the motorhome had satisfactory tires. See 19 VAC 30-70-500(14) ("Inspect for and reject if: Any tire so mounted or inflated that it comes into contact with its mate or any parts of the vehicle"). Had the motorhome been subject to a proper and valid Virginia State Inspection prior to purchase, such an inspection would have determined that the tires were coming into contact with the body of the motorhome.

11.      The Certification claimed the inspection was performed by James R. Turner.

12.      Defendants and their agents, through oral communication and through written warranty, stated that the motorhome "must pass" a "pre-delivery inspection" prior to sale to Plaintiffs. The written warranty claimed pre-delivery inspection would "includ[e] all systems tests." The motorhome did not and/or could not pass a sufficient "all systems" pre-delivery inspection as described by Defendants and their agents.

13.     The communications and representations as mentioned in

paragraphs eight through twelve, including the production of the

Virginia State Inspection Certification, constitute express warranties

under Virginia law because they were an "affirmation of fact or

promise made" by Defendants relating to the quality of the

motorhome and that the motorhome will conform to the affirmations

or promises given. VA Code Ann. §8.2-313(1)(a). Furthermore,

descriptions of the motorhome's fitness for use and proper

construction were made part of the basis of the bargain between

Plaintiffs and Defendants as the communications, descriptions, and

assurances were statements asserting facts that "define[d the

Defendants'] obligation." Daughtrey v. Ashe, 243 Va. 73, 77 (1992);

see VA Code Ann. §8.2-313(1)(b).

14.     On information and belief, all Defendants are merchants as

defined by VA Code Ann. §8.2-104. Defendants are, specifically,

merchants of motorhomes.

15.     Defendants created an implied warranty of merchantability

applicable to the motorhome that said motorhome was fit for the

ordinary purposes which motorhomes are used for.

16.     Relying upon Defendant Camping World RV Sales' oral communications described above and the Virginia State Inspection Certification provided to Plaintiffs, in addition to all express and implied warranties given by defendants Jayco, Camping World RV Sales, and Camping World Inc., Plaintiffs purchased the motorhome on March 17, 2018, for a cash price of $97,759.86.

17.     At the time of the purchase, the motorhome had accumulated 748 miles.

18.     The motorhome was purchased with an express written warranty from Defendant Jayco as well as a separate express written warranty from the manufacturer of the chassis, Ford Motor Company, in addition to all other express and implied warranties.

19.     On or about March 18, 2018, while Plaintiffs were driving the motorhome back to the dealership for minor repairs, Plaintiffs noticed a loud "clunking" noise that was produced after going over any bump on the road. When Plaintiffs notified Defendants' agents about this sound Plaintiffs were told, falsely, it was a normal noise for motorhomes to make while on the road.

20.     Relying on the information provided to them by Defendants'
agents, the Plaintiffs, as first-time motorhome buyers, did not seek to
repair or evaluate the cause of that noise.

21.     The loud noise continued, however, causing Plaintiffs to seek
repair from Defendants and their agents several times over the next
few months.

22.     Defendants and their agents did not and/or would not evaluate
and remedy Plaintiffs' complaint and Plaintiffs were continuously left
unaware of the cause of the noise.

23.     On or about July 24, 2018, Plaintiffs brought the motorhome to
Colonial Auto Center, a licensed Ford Dealership for inspection and
repair.

24.     Colonial Auto Center inspected the motorhome and
communicated to Plaintiffs that the left front wheel was rubbing the
body of the motorhome, thereby creating a safety issue that
continues to make the vehicle unable to be driven. Colonial Auto
Center also informed Plaintiffs that Defendant Jayco's hydraulic
stabilizer jack, and its associated hardware, was improperly
manufactured and was causing contact between the leaf spring and
the body of the motorhome. Accordingly, the improperly

manufactured parts caused the loud clunking noise that were heard by Plaintiffs and Defendants beginning at the time the vehicle was purchased.

25.     As a result of Colonial Auto Center's inspection, Colonial Auto Center's Service Director, Tom Sojka, informed Plaintiffs that the motorhome was incorrectly placed on the chassis and, because of the structural issues arising from this error, was unsafe to drive.

26.     At the time of this inspection, the motorhome had accumulated 3,161 miles.

27.     Plaintiffs informed Defendants and their agents of these findings and demanded repair or a refund. Defendants and their agents proposed, orally, adding aftermarket parts to the chassis of the vehicle. The Ford Warranty, in part, states that the "Limited Warranty does not cover any damage caused by: alterations or modifications of the vehicle, including the body, chassis, . . . or their components" or "tampering with the vehicle," and "the installation or use of a non-Ford Motor Company part or software." Accordingly, Plaintiffs were reasonably concerned that Defendants' proposed alterations would void the Ford Chassis Warranty.

28.     Plaintiffs requested a written description of the proposed repairs so Plaintiffs could ascertain whether the proposed repairs would void the Ford chassis warranty. Defendants and their agents refused to provide the proposed repair in writing so that Plaintiffs could ascertain whether the proposed repair would void Ford's warranty. Defendants also refused to refund Plaintiffs' payment price.

29.     All of the aforementioned defects renders the motorhome unsafe to drive, practically unsellable, and greatly diminishes the value of the motorhome.

## Count I – Rescission

30.     Paragraphs 1-29 are re-pled and incorporated herein by reference.

31.     The facts pled above establish that Plaintiffs are entitled to the equitable remedy of rescission requiring the Defendants refund to Plaintiffs the (1) full contract price; (2) all collateral charges, including but not limited to: sales tax, license and registration fees, and similar government charges; and (3) all finance charges incurred by the Plaintiffs.

32.     The facts pled establish the Defendants: (1) made false representations regarding the fitness of the motorhome for its

ordinary purpose, the fullness and completeness of the pre-delivery inspection, the quality of the motorhome's construction, and the nature of the noise heard by Plaintiffs less than a day after delivery; (2) all of which are material facts that would have affected the decision to purchase and/or reject the motorhome; (3) such statements were made by Defendants and their agents intentionally and knowingly; (4) with an intent to mislead; (5) the Plaintiffs relied on each of the false representations when determining whether or not to purchase their motorhome and, with regard to the noise after purchase, whether or not to reject delivery; and (6) as a result of each false representation stated above, there is resulting damage and injury to the misled Plaintiffs in the amount of the purchase price and costs arising out of the necessary repair and maintenance of the vehicle. Defendants had a duty to disclose material facts considering they had superior knowledge of the motorhome. They designed, built, and inspected the motorhome, and knew the Plaintiffs were acting upon the assurances the motorhome they were buying did not have any manufacturing defects.

33.      The equitable remedy of rescission is allowed for the fraudulent inducement of a contract as is established by the facts pled herein.

Devine v. Buki, 289 VA. 162, 176 (2015). The equitable remedy of

rescission is also allowed when there is a failure of consideration.

See, Andrews v. Sams, 233 VA. 55, 59 (1987); see also Bolling v.

King Coal Theatres, 185 VA. 991, 997 (1947); Neely v. White, 177

VA. 358, 366-67 (1941); Southeast Lumbar Co. v. Friend, 158 VA.

863, 869 (1932). Here, there is a complete failure of consideration

because the consideration that Plaintiffs bargained for – a

functioning, drivable motorhome – was not delivered to them.

### Count II – Consumer Protection Act

34.     Paragraphs 1-29 are re-pled and incorporated herein by

reference.

35.     The Virginia Consumer Protection Act, VA. Code §59.1-196 *et*

*seq*, was enacted as remedial legislation to promote fair and ethical

standards of dealings between suppliers and the consuming public.

Fraudulent acts or practices committed by a supplier in connection

with a consumer transaction are unlawful. Defendants are suppliers

as defined by the Act. Defendants have violated V.A. Code §59.1-

200(A)(2),(5),(6),(8),(10), and (14) in that they: misrepresented that

the motorhome was properly inspected and certified prior to sale;

misrepresented that the motorhome has certain characteristics, uses,

or benefits; they misrepresented that the vehicle is of a particular standard, quality, or grade; they advertised the vehicle with the intent not to sell it as advertised; misrepresented that repairs, alterations, modifications, or services have been performed or parts installed; and Defendants used other deceptions, frauds, false pretenses, false promises, and/or misrepresentations in connection with a consumer transaction. Additionally, Defendant Jayco and its agents hid and concealed their proposed repair by refusing to put their proposed repair in writing.

36.     The violations mentioned in Paragraph 35 were willful because Defendants knew that the front left tire was rubbing the body of the vehicle yet did not inform the Plaintiffs of this fact, and that the clunking noise Plaintiffs heard was not normal even though Defendants and their agents asserted to Plaintiffs that the noise was normal. Defendants knew the motorhome was not centered on the chassis as they designed and built the body of the motorhome, placed the body on the chassis, and misrepresented to have performed a detailed inspection of the vehicle prior to Plaintiffs' purchase. Defendant Jayco, specifically, willingly violated the statute by hiding and concealing their proposed repair.

37.      Pursuant to VA. Code §59.1-204(A) the Plaintiffs seek to recover actual damages suffered as the result of the violations described above. Pursuant to the General Assembly's express policy of encouraging private enforcement of the Virginia Consumer Protection Act by the fee shifting provisions therein, Plaintiffs move the Court for attorney fees and costs in the amount of 1/3 of the amount recovered or $450 per hour, whichever is greater.

38.      VA. Code §59.1-204(A) holds that if the trier of fact finds that the violations of the Virginia Consumer Protection Act are willful, it may increase damages to an amount not exceeding three times the actual damages sustained. Plaintiffs move the Court for a Jury trial to determine if treble damages are to be awarded as allowed by this statute.

## Count III – Actual Fraud

39.      The allegations of paragraphs 1-29 are re-alleged here by reference and incorporation.

40.      Defendants and their agents have committed actual fraud by: (1) making false representations regarding the fitness of the motorhome for its ordinary purpose, the fullness and completeness of the pre-delivery inspection, the quality of the motorhome's

construction, and the nature of the noise heard by Plaintiffs less than

a day after delivery; (2) all of which are material facts that would have

affected the decision to purchase and/or reject the motorhome; (3)

such statements were made by Defendants and their agents

intentionally and knowingly; (4) with an intent to mislead; (5) the

Plaintiffs relied on each of the false representations when determining

whether or not to purchase their motorhome and, with regard to the

noise after purchase, whether or not to reject delivery; and (6) as a

result of each false representation stated above, there is resulting

damage and injury to the misled Plaintiffs in the amount of the

purchase price and costs arising out of the necessary repair and

maintenance of the motorhome, in addition to $350,000 in punitive

damages that may be awarded for this action.

## Count IV – Magnuson-Moss Act

41.     Paragraphs 1-29 are re-pled and incorporated herein by
reference.

42.     Plaintiffs are consumers as defined in 15 U.S.C. §2301(3);

Defendants fit the definition of a supplier and warrantor as defined in

15 U.S.C. §2301(4)-(5); the motorhome is a consumer product as

defined in 15 U.S.C. §2301(1).

43.    The motorhome was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability were given to Plaintiffs as a part of the purchase, warranties which meet the definition of written warranty and implied warranty as contained in 15 U.S.C. §2301(6)-(7), respectively.

44.    The Limited Warranty has failed its essential purpose and the Defendants have violated the Act due to its inability and/or refusal to repair or replace the nonconformities within a reasonable time, and due to its refusal to provide the Plaintiffs a refund as required in 15 U.S.C. §2304(a)(1) and (4).

45.    The Defendants have also breached its implied warranty of merchantability since the motorhome, in view of the nonconformities and Defendants' inability to correct them, was not fit for the ordinary purpose for which the motorhome was used. See 15 U.S.C. §§2308, 2310(d).

46.    As a proximate result of Defendants' violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiffs have been damaged for which the Defendants are responsible. See 15 U.S.C. §§2304(a) and 2310(d).

WHEREFORE, Plaintiffs Wesley and Sandra Lewis respectfully pray that this Court enter judgment in their favor against the Defendants, jointly and severally, granting Plaintiffs' demands: for rescission of the contract, actual damages of $97,759.86, treble damages in the amount of $293,279.58 for willful violations of the law, for punitive damages in the amount of $350,000.00, for attorney's fees and costs, and for all other relief law and equity may deem appropriate.

**Trial by jury is demanded.**

Respectfully submitted,

By: _____

Of Counsel

James B. Feinman, Esq. (VSB #28125)
James B. Feinman & Associates
P. O. Box 697
Lynchburg, Virginia 24505
(434) 846-7603 (Phone)
(434) 846-0158 (Fax)
jb@jfeinman.com

VIRGINIA:

## IN THE CIRCUIT COURT FOR ALBEMARLE COUNTY

| | |
|---|---|
| SANDRA G. LEWIS and <br> WESLEY S. LEWIS )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>JAYCO, INC. )<br>)<br>JAYCO-VA, LLC )<br>)<br>CAMPING WORLD RV SALES, LLC )<br>)<br>CAMPING WORLD, INC. )<br>)<br>Defendants ) | ANSWER <br> CL18-1369 |

Comes now the defendant, JAYCO-VA, LLC, by Counsel, and objects to venue in this case as Defendant does not conduct any business in Albemarle County and his place of business is in Salem, Virginia, and further, Defendant answers the plaintiff's Complaint as follows:

1.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph one of plaintiff's Complaint and therefore they are denied.

2.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph two of plaintiff's Complaint and therefore they are denied.

3.      Defendant denies that JAYCO-VA, LLC is an agent of Jayco and further denies that JAYCO-VA, LLC is a manufacturer and seller of motorhomes.  All other allegations contained in paragraph three of plaintiff's Complaint are admitted.

4.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph four of plaintiff's Complaint and therefore they are denied.

5.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph five of plaintiff's Complaint and therefore they are denied.

6.      Defendant is without sufficient knowledge to either admit or deny the allegations

contained in paragraph six of plaintiff's Complaint and therefore they are denied.

7.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph seven of plaintiff's Complaint and therefore they are denied.

8.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph eight of plaintiff's Complaint and therefore they are denied.

9.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph nine of plaintiff's Complaint and therefore they are denied.

10.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph ten of plaintiff's Complaint and therefore they are denied.

11.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph eleven of plaintiff's Complaint and therefore they are denied.

12.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twelve of plaintiff's Complaint and therefore they are denied.

13.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph thirteen of plaintiff's Complaint and therefore they are denied.

14.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph fourteen of plaintiff's Complaint and therefore they are denied.

15.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph fifteen of plaintiff's Complaint and therefore they are denied.

16.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph sixteen of plaintiff's Complaint and therefore they are denied.

17.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph seventeen of plaintiff's Complaint and therefore they are denied.

18.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph eighteen of plaintiff's Complaint and therefore they are denied.

19.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph nineteen of plaintiff's Complaint and therefore they are denied.

20.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty of plaintiff's Complaint and therefore they are denied.

21.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-one of plaintiff's Complaint and therefore they are denied.

22.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-two of plaintiff's Complaint and therefore they are denied.

23.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-three of plaintiff's Complaint and therefore they are denied.

24.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-four of plaintiff's Complaint and therefore they are denied.

25.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-five of plaintiff's Complaint and therefore they are denied.

26.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-six of plaintiff's Complaint and therefore they are denied.

27.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-seven of plaintiff's Complaint and therefore they are denied.

28.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-eight of plaintiff's Complaint and therefore they are denied.

29.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph twenty-nine of plaintiff's Complaint and therefore they are denied.

30.     Defendant's responses are the same as they were for one through twenty-nine above.

31.     Defendant denies the allegations contained in paragraph thirty-one of plaintiff's Complaint.

32.     Defendant denies the allegations contained in paragraph thirty-two of plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph thirty-three of plaintiff's

Complaint.

34.   Defendant's responses are the same as they were for one through twenty-nine above.

35.   Defendant denies the allegations contained in paragraph thirty-five of plaintiff's Complaint.

36.   Defendant denies the allegations contained in paragraph thirty-six of plaintiff's Complaint.

37.   Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph thirty-seven of plaintiff's Complaint and therefore they are denied.

38.   Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph thirty-eight of plaintiff's Complaint and therefore they are denied.

39.   Defendant's responses are the same as they were for one through twenty-nine above.

40.   Defendant denies the allegations contained in paragraph forty of plaintiff's Complaint.

41.   Defendant's responses are the same as they were for one through twenty-nine above.

42.   Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph forty-two of plaintiff's Complaint and therefore they are denied.

43.   Defendant denies the allegations contained in paragraph forty-three of plaintiff's Complaint.

44.   Defendant denies the allegations contained in paragraph forty-four of plaintiff's Complaint.

45.   Defendant denies the allegations contained in paragraph forty-five of plaintiff's Complaint.

46.   Defendant denies the allegations contained in paragraph forty-six of plaintiff's Complaint.

47.    Defendant affirmatively alleges that the statute of limitations may bar the relief sought.

48.    Defendant reserves the right to plead other defenses at such time as defendant is more fully advised as to the nature of this claim and defendant's alleged role in this claim.

49.    Defendant affirmatively alleges that JAYCO-VA, LLC has no connection with JAYCO, INC. or the other defendants in this case, and has no involvement whatsoever in the manufacture or sale of motor homes.

WHEREFORE, defendant prays that this Complaint be dismissed; that he be awarded his attorney's fees and court costs incurred herein; that the plaintiff be sanctioned for filing suit when there is no basis for an action against JAYCO-VA, LLC, there being no connection between JAYCO-VA, LLC and JAYCO, INC. and for such other and further relief as to equity may seem meet and the nature of this case may require.

JAYCO-VA, LLC

By: _____
Of Counsel

I. Ray Byrd, Jr., Esquire
416 South College Avenue
Salem, Virginia 24153
Telephone (540) 389-5988
Facsimile  (540) 387-5064
Bar I.D. No. 27247
  Counsel for JAYCO-VA, LLC

CERTIFICATE OF MAILING

I certify that I faxed (434-846-0158) and mailed a true and correct copy of the foregoing Answer to James B. Feinman, Esquire, Counsel for Plaintiff, P. O. Box 697, Lynchburg, Virginia 24505, this 8th day of October 2018.

_____
I. Ray Byrd, Jr., Esquire

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF ALBEMARLE

SANDRA G. LEWIS AND WESLEY S.
LEWIS,

   Plaintiffs,

v.                                                                      Case No. CL18001369-00

JAYCO, INC., JAYCO-VA, LLC, CAMPING
WORLD RV SALES, LLC, AND CAMPING
WORLD INC.,

   Defendants.

## **ANSWER**

Defendants Camping World RV Sales, LLC and Camping World, Inc. (collectively, "Defendants"), by counsel, state as follows for their Answer to Plaintiffs' Complaint:

1. Upon information and belief, Defendants admit the allegations in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Defendants admit that Jayco is a for-profit corporation incorporated and headquartered in Indiana. Defendants admit that Jayco a final stage manufacturer and seller of motorhomes.

3. Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 3 of the Complaint.  Defendants aver that Jayco-VA, LLC has no connections to Jayco, Inc.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

## BACKGROUND FACTS

6.      Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Defendants admit that on March 17, 2018 Plaintiffs purchased a new 2018 Alante, Class-A Motorhome ("motorhome") from Camping World RV Sales in Ashland, Virginia. The remaining allegations in paragraph 7 are denied.

8.      In response to paragraph 8 of the Complaint, Defendants aver that Jayco provided a Limited Warranty.  Defendants deny any allegations in paragraph 8 that are inconsistent with the terms of that Limited Warranty.

9.      In response to paragraph 9 of the Complaint, Defendants admit that the motorhome came with a Virginia State Inspection Certification.  Defendants deny that Camping World RV Sales was acting as an agent for Jayco and Camping World, Inc.  The remaining allegations in paragraph 9 are denied.

10.      In response to paragraph 10 of the Complaint, the Virginia State Inspection Certification speaks for itself.   Paragraph 10 also contains a legal conclusion to which no response is required.  Defendants deny the remaining allegations in paragraph 10.

11.      In response to paragraph 11 of the Complaint, the Virginia State Inspection Certification speaks for itself.

12.      In response to paragraph 12 of the Complaint, Defendants aver that Jayco provided a Limited Warranty.   Defendants deny any allegations in paragraph 12 that are inconsistent with the terms of that Limited Warranty. Defendants deny the remaining allegations in paragraph 12.

13.     Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 13 are denied.

14.     Paragraph 14 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 14 are denied.

15.     Paragraph 15 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 15 are denied.

16.     In response to paragraph 16 of the Complaint, Defendants admit that Plaintiffs purchased the motorhome on March 17, 2018 for $97,759.86.  Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     In response to paragraph 18 of the Complaint, Defendants aver that Jayco provided a Limited Warranty.  Upon information and belief, Ford Motor Company, the manufacturer of the chassis, also provided a warranty.   Defendants deny the remaining allegations in the Complaint.

19.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 19 of the Complaint, except they deny making any false statements to Plaintiffs.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     In response to paragraph 21, Defendants aver that repairs were performed on the motorhome, which including addressing Plaintiffs' complaint of a noise.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

3

23.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 23 of the Complaint.

24.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Complaint, and call for strict proof thereof. Defendants deny that there is a safety issue with the motorhome.

25.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the Complaint, and call for strict proof thereof.  Defendants deny that the motorhome is unsafe to drive.

26.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Defendants state that Jayco offered to repair the motorhome, but Plaintiffs refused because they were concerned the repair would void the Ford Chassis Warranty.  Ford's Warranty speaks for itself.  Defendants deny that the proposed repair would void the Ford Warranty.

28.     In response to paragraph 28 of the Complaint, Defendants admit that Plaintiffs required a written description of the proposed repairs.  The remaining allegations in paragraph denied.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

## COUNT I – RESCISSION

30.     Defendants incorporate their responses to paragraphs 1 through 29 of the Complaint as if set forth fully herein.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Paragraph 33 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 33 are denied.

## COUNT II – CONSUMER PROTECTION ACT

34.    Defendants incorporate their responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35.    Paragraph 35 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 35 are denied. Defendants deny that they hid or concealed the proposed repair.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.

37.    In response to paragraph 37, Defendants deny that Plaintiffs are entitled to the relief requested.

38.    Paragraph 38 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 38 are denied. Defendants deny that Plaintiffs are entitled to the relief requested.

## COUNT III – ACTUAL FRAUD

39.    Defendants incorporate their responses to paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

## COUNT IV – MAGNUSON-MOSS ACT

41.    Defendants incorporate their responses to paragraphs 1 through 40 of the Complaint as if set forth fully herein.

42.    Paragraph 42 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 42 are denied.

43.     Paragraph 43 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, any allegations in paragraph 43 are denied.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.  Paragraph 44 of the Complaint also states a legal conclusion, to which no response is required.  To the extent a response is required, any allegations in paragraph 44 are denied.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.  Paragraph 44 of the Complaint also states a legal conclusion, to which no response is required.  To the extent a response is required, any allegations in paragraph 45 are denied.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.  Paragraph 46 of the Complaint also states a legal conclusion, to which no response is required.

47.     Defendants deny any allegations in the Complaint that have not been specifically admitted herein.

48.     Defendants deny that Plaintiff has been damaged in the amount and to the extent alleged.

49.     Defendants deny any allegations in the Complaint that have not specifically been admitted herein.

50.     Plaintiffs' claims are barred in whole or part by the terms of any applicable limited, express warranty.

51.     Defendants aver that the alleged issue does not significantly impair the use, market value or safety of the vehicle.

52.     Defendants reserve the right to rely upon all proper and provable defenses to this action which may be revealed through further investigation and discovery.

WHEREFORE, for the reasons set forth above, Defendants Camping World RV Sales, LLC and Camping World, Inc., by counsel, respectfully request that this action be dismissed and the Court award their costs and fees incurred herein, and order any other relief this Court deems proper and just.

**<u>JURY TRIAL DEMANDED</u>**.

                                          **CAMPING WORLD RV SALES, LLC,
                                          AND CAMPING WORLD INC.**

                                          By Counsel

_____
Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1940 Duke Street, Suite 200
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

## C E R T I F I C A T E

I hereby certify that a true copy of the foregoing mailed this 12th day of October 2018:

        James B. Feinman, Esq.
        James B. Feinman & Associates
        P. O. Box 697
        Lynchburg, VA 24505
        jb@jfeinman.com

        Ray Byrd, Jr., Esq.
        416 South College Avenue
        Salem, Virginia 24153

                              _____
                                Danielle D. Giroux

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF ALBEMARLE

SANDRA G. LEWIS AND WESLEY S.
LEWIS,

   Plaintiffs,

v.                                      Case No. CL18001369-00

JAYCO, INC., JAYCO-VA, LLC,
CAMPING WORLD RV SALES, LLC, AND
CAMPING WORLD INC.,

   Defendants.

## MOTION TO DISMISS

     Defendant Jayco, Inc., by counsel, moves to dismiss Plaintiffs' Complaint on the grounds that the applicable Limited Warranty contains a mandatory forum selection clause providing that exclusive jurisdiction over this matter lies in Indiana.  In support of this Motion, Jayco states as follows:

     1.      This action arises out of Plaintiffs' purchase of a 2018 Alante, Class-A Motorhome ("motorhome") on or about March 17, 2018.  Plaintiff allege that after they took delivery, they discovered an issue with the tires that Defendants refused to repair.  Plaintiffs filed a Complaint against Defendants alleging Rescission, Consumer Protection Act, Actual Fraud and Magnuson-Moss Warranty Act.

     2.      The Limited Warranty between Jayco and Plaintiffs confers exclusive jurisdiction over this matter in the Indiana courts, where the motorhome was manufactured.  The Limited Warranty provides, in pertinent part:

**LEGAL REMEDIES:** EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING CONTRACT, TORT OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

Exhibit A.

3.     A forum selection clause such as the one contained in the Limited Warranty is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972); *Gilman v. Wheat, First Securities,* 345 Md. 361, 692 A.2d 454, 462 - 63 (1997). The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (recognizing that enforcement of valid forum selection clause does not offend due process); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991) (forum selection clause in cruise ship ticket was valid and enforceable); *Stockley v. Thomas,* 89 Md. 663, 668-69, 43 A. 766, 768 (1899) (concluding that, where plaintiffs "have voluntarily abandoned the [c]ourts of this State" through a contract, there is "no good reason" why their complaint should be adjudicated by a Maryland court). *See also Koch v. America Online, Inc.,* 139 F.Supp.2d 690, 693 (D. Md. 2000) (interpreting *Gilman* as wholly consistent with "the federal standard for evaluation of forum-selection clauses" adopted in *The Bremen*).

4.     The motorhome was manufactured in Indiana, Indiana law applies to this action, and the Indiana courts have exclusive jurisdiction over Plaintiffs' claims against Jayco. Accordingly, this action against Jayco must be dismissed for lack of jurisdiction pursuant to the parties' agreed-upon exclusive forum selection clause.

WHEREFORE, Defendant Jayco, Inc., by counsel, respectfully requests that this Court enter an Order dismissing the Complaint against Jayco, Inc. for lack of jurisdiction.

**JAYCO, INC.**
By Counsel

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1940 Duke Street, Suite 200
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

**C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing mailed this 12th day of October 2018:

       James B. Feinman, Esq.
       James B. Feinman & Associates
       P. O. Box 697
       Lynchburg, VA 24505
       jb@jfeinman.com

       Ray Byrd, Jr., Esq.
       416 South College Avenue
       Salem, Virginia 24153

       _____
       Danielle D. Giroux

4

## JAYCO MOTORIZED LIMITED WARRANTY

**THIS LIMITED WARRANTY COVERS:**
- The Motorhome when it is used only for its intended purpose of recreational travel and camping; Only the first retail purchaser;
- Only those portions of the Motorhome not excluded under the section "What is Not Covered";
- The Motorhome only when sold by an authorized dealership; and,
- Only defects in workmanship performed and/or materials used to assemble those portions of the Motorhome not excluded under the section "What is Not Covered".

This Limited Warranty is not transferable.

**LIMITATION AND DISCLAIMER OF IMPLIED WARRANTIES:**
THE DURATION OF ANY IMPLIED WARRANTY IS LIMITED TO:

- THE DURATION OF THIS LIMITED WARRANTY;
- THE SCOPE OF COVERAGE THIS LIMITED WARRANTY PROVIDES;
- DEFECTS EXISTING AT THE TIME OF SALE THAT MANIFESTED THEMSELVES AND SURFACED DURING THE IMPLIED WARRANTY COVERAGE PERIOD; AND
- DEFECTS DISCOVERED AND REPORTED WITHIN THE DURATION OF THE IMPLIED WARRANTY. THERE ARE NO EXPRESS WARRANTIES OR ANY IMPLIED WARRANTIES ON THOSE PORTIONS OF THE MOTORHOME, EXCLUDED FROM COVERAGE.

NOTWITHSTANDING THE ABOVE PROVISIONS, JAYCO EXPRESSLY DISCLAIMS AND EXCLUDES ANY AND ALL IMPLIED WARRANTIES AND CONDITIONS, STATUTORY OR OTHERWISE, WHEN THE MOTORHOME IS USED FOR COMMERICAL, RENTAL OR BUSINESS USE OR WHEN THE MOTORHOME IS TITLED OR REGISTERED IN A BUSINESS NAME OR WHEN THE JAYCO IS SOLD IN CANADA.

There is no warranty of any nature made by Jayco beyond that contained in this Limited Warranty. No person has authority to enlarge, amend or modify this Limited Warranty. The dealer is NOT Jayco's agent. Jayco is not responsible for any undertaking, representation or warranty made by any dealer or others beyond those expressly set forth within this Limited Warranty. Some states and provinces do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

**DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES:**
THE FIRST RETAIL BUYER AND ANY SUBSEQUENT OWNER, ALONG WITH ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THE MOTORHOME, ARE NOT ENTITLED TO RECOVER ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES CAUSED BY A DEFECT IN THE MOTORHOME. BY WAY OF EXAMPLE, CONSEQUENTIAL DAMAGES INCLUDE FUEL AND TRANSPORTATION EXPENSES TO DELIVER THE MOTORHOME TO A SERVICING DEALER, HOTEL ROOMS, LOST WAGES AND MOISTURE DAMAGE SUCH AS MOLD AND MILDEW AS WELL AS RUST AND CORROSION. THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES ARE NOT DEPENDENT UPON WARRANTY REMEDIES SUCCESSSFULLY CURING ANY DEFECT; THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES SHALL SURVIVE ANY FAILURE OF THE LIMIITED WARRANTY REMEDIES FULFILLING

### SECTION 1: WARRANTY & SERVICE

THEIR PURPOSE. Some states do not allow the exclusion or limitation of consequential or incidental damages, so the above exclusions may not apply to you.

**COVERAGE TIME:** The duration of this warranty is 2 years after the first retail owner takes delivery of the Motorhome from an authorized dealer OR 24,000 mites of use, whichever occurs first. If the dealer places the Motorhome in service before retail sale, the coverage period is 2 years after the dealer first placed the Motorhome in service OR 24,000 miles of use, whichever occurs first. ANY ACTION FOR BREACH OF THIS LIMITED WARRANTY OR FOR ANY IMPLIED WARRANTY MUST BE COMMENCED NO MORE THAN 26 MONTHS AFTER 'HIE BREACH.

If the Motorhome is not of the current or prior model year when the first retail owner takes delivery, the limited warranty ends 90 days after the first retail owner takes delivery of the Motorhome OR after the odometer reaches 5,000 miles, whichever occurs first. ANY ACTION FOR BREACH OF THIS REDUCED LIMITED WARRANTY OR FOR ANY IMPLIED WARRANTY MUST BE COMMENCED NO MORE THAN 15 MONTHS AFTER THE BREACH.

Unless prohibited by state or provincial law, repairs do not extend the time when you must commence an action for breach of warranty and shall not extend the warranty coverage period. This reduction in time may not apply to you because some states and provinces do not allow the reduction of the time to commence an action for breach of warranty. Any performance of repairs after the warranty coverage ends and any performance of repairs to those portions of your Motorhome excluded from coverage are "good will" repairs. You should expect the need for warranty repairs. Jayco may use new and/or remanufactured parts and/or components to complete a repair. It is likely that warranty repairs were performed at the factory during assembly OR at the selling dealership after delivery of the Motorhome to your selling dealer. If you discover a defect or damage to the Motorhome when you take delivery of your Motorhome, you MUST notify your dealer OR Jayco within 10 days of the date of purchase to have defect or damage repaired at no cost to you. Minor adjustments will be performed, free of charge, by the dealer within 90 days of your purchase; thereafter, such adjustments are your exclusive responsibility as normal maintenance.

**REPAIR REMEDY:** Jayco's obligation is to repair any covered defect discovered within the warranty coverage period provided: (l) you notify Jayco or an authorized dealer within 10 days of your discovery of a defect; AND (2) you deliver the Motorhome to Jayco OR an authorized dealership at your cost and expense.

**BACK-UP REMEDY:** If the primary repair remedy fails to successfully cure any defect after a reasonable number of repair attempts, your sole and exclusive remedy shall be to have Jayco pay an independent service shop of your choice to perform repairs to the defect OR have Jayco pay diminished value damages if the defect is incurable. You must exhaust both the repair remedy and the back-up remedy AND these remedies must fail to fulfill their essential purpose before you can seek any other remedies.

THIS LIMITED WARRANTY IS NOT A WARRANTY THAT PROMISES OR EXTENDS TO FUTURE PERFORMANCE BECAUSE IT DOES NOT MAKE A REPRESENTATION ON HOW YOUR MOTORHOME WILL PERFORM IN THE FUTURE BUT REPRESENTS ONLY WHAT THE REMEDY WILL BE IF A DEFECT EXISTS.

Maintenance Record     Table of Contents

## SECTION 1: WARRANTY & SERVICE

**HOW TO GET SERVICE:** To obtain warranty service the owner must:

☐   Notify Jayco or an authorized Jayco dealer, within the applicable warranty coverage period designated above, that you are making a warranty claim;

☐   Provide the notification mentioned in (1), above, within ten (10) days of the discovery of a defect in material or workmanship; and,

☐   Promptly schedule an appointment with and take the Motorhome to Jayco or an independent, authorized dealer.

If you need assistance, you may contact:

**Jayco**

903 South Main Street,
P. O. Box 460, Middlebury, Indiana 46540,
Attn: Customer Service,
(800) 517-9137.

**WHAT IS NOT COVERED:**

☐   Equipment and appliances installed after the Motorhome is assembled by Jayco;

☐   Motorhomes used for any rental, business and commercial purpose If the Motorhome owner files a tax form claiming a business or commercial tax benefit related to the Motorhome, or if the RV is purchased, registered or titled in a business name is shall be irrefutable that the Motorhome has been used for rental, commercial or business purposes;

☐   Any Motorhome sold or used outside of the United States, U.S. Territories or Canada;

☐   Any Motorhome not used solely for recreational travel and camping;

☐   Any Motorhome purchased through auction or wholesale;

☐   Any Motorhome purchased from a dealer that is not an authorized dealer;

☐   Normal wear, tear or usage, such as tears, punctures, soiling, mildew, rust, fading, or discoloration of exterior plastic or fiberglass, or soft goods, such as upholstery, drapes, carpet, vinyl, screens, cushions, mattresses and fabrics;

☐   The effects and damage caused by condensation or moisture;

☐       Mold;

☐   Any damage caused by mold;

☐   Items working as designed but that you are unhappy with;

☐   Damage caused by misuse, mishandling, neglect, abuse, failure to maintain the Motorhome in accordance with the owner's manual, or failure to perform other routine maintenance such as inspections, lubricating, adjustments, tightening of screws and fittings, tightening of lug nuts, sealing, rotating tires;

☐   Damage caused by accident, whether or not foreseeable;

☐   Damage caused by weather or corrosion due to the environment;

☐   Damage caused by theft, vandalism or fire;

☐   Damage caused by tire wear or tire failure;

☐   Defacing, scratches, dents, chips on any surface or fabric of the Motorhome;

☐   Damage caused by off road use;

☐   Damage caused by overloading the Motorhome or any of its components or parts;

☐   Wheel alignment or adjustments to axles caused by improper maintenance, loading;

## SECTION 1: WARRANTY & SERVICE

- ☐ Damage caused by road hazards;
- ☐ Any component, system or part that warranted by another entity, such as the: automotive chassis, (including the power train, steering, handling, braking, wheel balance, muffler, tires, tubes, batteries and gauges); generator; hydraulic jacks; inverter; convener; microwave; television; DVD/CD player; radio; speakers; television; refrigerator; range; water heater; water pump; stove; carbon monoxide detector; smoke detector; propane detector; furnace; and, any air conditioner. The written warranty provided by the manufacturer of the component part is the direct and exclusive responsibility of that manufacturer).

**EVENTS DISCHARGING JAYCO FROM OBLIGATION UNDER WARRANTY:**

- ☐ Any rental, business or commercial use or purchase of the Motorhome;
- ☐ Any Motorhome titled or registered in a business name;
- ☐ Any Motorhome purchased or sold outside of, or used outside of the United States, U.S. Territories or Canada;
- ☐ Any Motorhome purchased through an auction or wholesale or by a non-authorized dealer;
- ☐ Owner neglect;
- ☐ Failure to provide routine maintenance;
- ☐ Alteration; off road use;
- ☐ Collision or accident, whether or not foreseeable;
- ☐ Acts of God, including weather,
- ☐ Damage or corrosion caused by the environment, theft, vandalism, fire, explosions, or overloading.

**LEGAL REMEDIES:** EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING CONTRACT, TORT OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE. ALL ACTIONS OF ANY KEND RELATING TO THE MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY.

**WARRANTY REGISTRATIONS:** Your warranty registrations should be completed and delivered to the manufacturer of component parts. The selling dealership will assist you in completing and filling out the Jayco product warranty registration. Upon receipt of the product registration by Jayco, your Warranty will be registered. The failure to submit this warranty registration to Jayco will not affect your rights under this limited warranty as long as you can present proof of purchase, however, it can cause delays in obtaining the remedies offered by this limited warranty, and it may adversely affect any servicing facility's ability to provide proper repairs and/or part replacement.

22    Maintenance Record    Table of Contents

<u>**SECTION 1: WARRANTY & SERVICE**</u>

<u>**CARE AND MAINTENANCE:**</u> It is the Owner's responsibility to perform proper care and maintenance of the Motorhome and to assure correct load distribution. For details regarding this, please see your owner's manuals. Please review all manuals and contact your selling dealership, Jayco or supplier of the component part if you have questions.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS; YOU MAY HAVE OTHER RIGHTS THAT VARY FROM STATE TO STATE.

**JAYCO, INC.**
903 S. Main Street * P. O. Box 460 * Middlebury, IN 46540
Telephone: 800-517-9137

## *NOTICE TO JAYCO DEALERS*

This Owner's Manual contains the *Motorized Limited Warranty* that applies to this RV. However, if the Jayco dealer decides to use this RV for rental purposes, then the *Motorized Limited Warranty* will not apply to this RV. The *Motorized **Rental** Limited Warranty* applies in that situation.

If, on the other hand, the Jayco dealer sells this RV to a retail customer then the rental warranty would not be applicable**. The rental warranty does not apply to retail consumers.**

Jayco's rental program is applicable to the following product lines:
☐   Redhawk, Redhawk SE
☐   Greyhawk, Greyhawk Prestige
☐   Melbourne, Melbourne Prestige
☐   Seneca
☐   Precept
☐   Alante
If you have any questions regarding this, please contact Jayco Customer Service at (800) 283-8267 or (574) 825-0608.

# JAYCO MOTORIZED RENTAL LIMITED WARRANTY

<u>**WHAT AND WHO IS COVERED:**</u> This Rental limited warranty covers: (i) the Motorhome when it is used only for its intended rental purpose of recreational travel and camping; (ii) only the authorized rental dealership; (iii) only those portions of the Motorhome not excluded under the section "What is Not Covered"; (iv) the Motorhome only when rented by an authorized dealership; and, (v) only defects in workmanship performed and/or materials used to assemble those portions of the Motorhome not excluded under the section "What is Not Covered".

<u>**COVERAGE TIME:**</u> The duration of this warranty is 1 year after the Motorhome is first used as a rental by an authorized rental dealer OR 12,000 miles of rental use, whichever occurs first. ANY ACTION FOR BREACH OF THIS RENTAL LIMITED WARRANTY MUST BE COMMENCED NO MORE THAN 15 MONTHS AFTER THE BREACH.

Unless prohibited by state or provincial law, repairs do not extend the time when you must commence an action for breach of warranty and shall not extend the warranty coverage period. Any performance of repairs after the warranty coverage ends and any performance of repairs to those portions of your Motorhome excluded from coverage are "good will" repairs. You should expect the need for warranty repairs. Jayco may use new and/or remanufactured parts and/or components to complete a repair. Warranty repairs may have been performed to defects with and/or damage to interior or exterior surfaces, trim, upholstery and other

Maintenance Record      Table of Contents                    23

## S<small>ECTION</small> 1: W<small>ARRANTY</small> & S<small>ERVICE</small>

appearance items at the factory during assembly **-** Repairs to defects and damage are performed at the factory during the inspection process. If you discover a defect or damage to the Motorhome when you take delivery of your Motorhome, you MUST notify your Jayco within 10 days of the date of purchase to have defect or damage repaired at no cost to you. Minor adjustments will be performed, free of charge, within 90 days of your purchase; thereafter, such adjustments are your exclusive responsibility as normal maintenance.

**REPAIR REMEDY:** Jayco's sole and exclusive obligation is to repair any covered defect discovered within the warranty coverage period provided: (l) you notify Jayco within 10 days of your discovery of a defect.

**BACK-UP REMEDY:** If the primary repair remedy fails to successfully cure any defect after a reasonable number of repair attempts, your sole and exclusive remedy shall be to have Jayco pay an independent service shop of your choice to perform repairs to the defect OR have Jayco pay diminished value damages if the defect is incurable. You must exhaust both the repair remedy and the back**-**up remedy AND these remedies must fail to fulfill their essential purpose before you can seek any other remedies.

**THIS LIMITED WARRANTY IS NOT A WARRANTY THAT PROMISES OR EXTENDS TO FUTURE PERFORMANCE BECAUSE IT DOES NOT MAKE A REPRESENTATION ON HOW YOUR MOTORHOME WILL PERFORM IN THE FUTURE BUT REPRESENTS ONLY WHAT THE REMEDY WILL BE IF A DEFECT EXISTS.**

**DISCLAIMER OF IMPLIED WARRANTIES: JAYCO EXPRESSLY DISCLAIMS AND EXCLUDES ANY AND ALL IMPLIED WARRANTIES AND CONDITIONS, STATUTORY OR OTHERWISE, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.** There is no warranty of any nature made by Jayco beyond that contained in this Limited Warranty. No person has authority to enlarge, amend or modify this Limited Warranty. Jayco is not responsible for any undertaking, representation or warranty made by others beyond those expressly set forth within this Limited Warranty.

**DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: JAYCO EXCLUDES ALL CONSEQUENTIAL AND INCIDENTAL DAMAGES. NO ONE IS ENTITLED TO RECOVER ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES CAUSED BY A DEFECT IN THE MOTORHOME. BY WAY OF EXAMPLE, CONSEQUENTIAL DAMAGES INCLUDE FUEL AND TRANSPORTATION EXPENSES TO DELIVER THE MOTORHOME TO A SERVICING DEALER, HOTEL ROOMS, LOST WAGES AND MOISTURE DAMAGE SUCH AS MOLD AND MILDEW AS WELL AS RUST AND CORROSION. THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES IS NOT DEPENDENT UPON WARRANTY REMEDIES SUCCESSSFULLY CURING ANY DEFECT; THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES SHALL SURVIVE ANY FAILURE OF THE LIMITED WARRANTY REMEDIES FULFILLING THEIR PURPOSE.**

**HOW TO GET SERVICE:** To obtain warranty service the authorized rental dealership must: (i) Notify Jayco within the applicable warranty coverage period designated above, that it is making a warranty claim; (ii) Provide the notification, within ten (10) days of the discovery of a defect in material or workmanship; and (iii) Promptly schedule an appointment with and take the Motorhome to Jayco or an authorized Jayco dealer. If you need assistance, you may

Maintenance Record     Table of Contents

contact Jayco, at 903 South Main Street, P. O. Box 460, Middlebury, Indiana 46540, Attn: Customer Service, (574) 825-5861 or (800) 283-8267.

**WHAT IS NOT COVERED:** Equipment and appliances installed after the Motorhome is assembled by Jayco; Motorhomes used for any business and commercial purpose other than for rental purposes; any Motorhome sold or used outside of the United States, U.S. Territories or Canada; any Motorhome not used solely for recreational travel and camping; normal wear, tear or usage, such as tears, punctures, soiling, mildew, rust, fading, or discoloration of exterior plastic or fiberglass, or soft goods, such as upholstery, drapes, carpet, vinyl, screens, cushions, mattresses and fabrics; the effects of condensation or moisture from condensation inside the RV; mold or any damage caused by mold to the interior or exterior; imperfections that do not affect the use of the Motorhome for its intended purpose of recreational use; items working as designed but that you are unhappy with; damage caused by misuse, mishandling, neglect, abuse, failure to maintain the Motorhome in accordance with the owner's manual, or failure to perform other routine maintenance such as inspections, lubricating, adjustments, tightening of screws and fittings, tightening of lug nuts, sealing, rotating tires; damage caused by accident, whether or not foreseeable; damage caused by weather or corrosion due to the environment; damage caused by theft, vandalism or fire; damage caused by tire wear or tire failure; defacing, scratches, dents, chips on any surface or fabric of the Motorhome; damage caused by off road use, overloading the Motorhome or any of its components or parts; wheel alignment or adjustments to axles caused by improper maintenance, loading or damage from road hazards, including off road travel; wheel damage or balancing.

Also, this limited warranty does not cover any material, component, system or part that is warranted by another entity, including, by way of example, the: automotive chassis, (which includes the power train, steering, handling, braking, wheel balance, muffler, tires, tubes, batteries and gauges); generator, hydraulic jacks, inverter, convener, microwave, television, DVD/CD player, radio, speakers, television, refrigerator, range, water heater, water pump, stove, carbon monoxide detector, smoke detector, propane detector, furnace or any air conditioner. The written warranty provided by the manufacturer of the component part is the direct and exclusive responsibility of that manufacturer).

**EVENTS DISCHARGING JAYCO FROM OBLIGATION UNDER WARRANTY:** The following, by way of example, discharge Jayco from any express or implied warranty obligation to repair or replace any defect: any business or commercial use other than rental; any Motorhome purchased or sold outside of, or used outside of, the United States, U.S. Territories or Canada; neglect; failure to provide routine maintenance; alteration; off road use; collision or accident, whether or not foreseeable; acts of weather; damage or corrosion caused by the environment, theft, vandalism, fire, explosions, or overloading.

**LEGAL REMEDIES:** EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY, OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING CONTRACT, TORT OR STATUTE, SHALL BE GOVERNED BY IE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT

Maintenance Record     Table of Contents

## SECTION 1: WARRANTY & SERVICE

JURISDICTION. ALL ACTIONS OF ANY KIND RELATING TO THE MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY.

**WARRANTY REGISTRATIONS:** Your warranty registrations should be completed and delivered to the manufacturers of component parts. Your Jayco warranty will be registered when this warranty registration is completed and received by Jayco.

**CARE AND MAINTENANCE:** It is your responsibility to perform proper care and maintenance of the Motorhome and to assure correct load distribution. For details regarding this, please see your owner's manuals. Please review all manuals and contact Jayco or the supplier of the component part if you have questions.

**JAYCO, INC.**
903 S. Main Street
P. O. Box 460
Middlebury, IN 46540
Telephone: 800-283-8267

Maintenance Record    Table of Contents

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF ALBEMARLE

SANDRA G. LEWIS AND WESLEY S.
LEWIS,

    Plaintiffs,

v.                                 Case No. CL18001369-00

JAYCO, INC., JAYCO-VA, LLC,
CAMPING WORLD RV SALES, LLC, AND
CAMPING WORLD INC.,

    Defendants.

### 28 U.S.C. § 1446(d) NOTICE OF FILING NOTICE OF REMOVAL

    To:    Clerk, Circuit Court for Albemarle County

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), a Notice of Removal was filed on this date in the United States District Court for the Western District of Virginia, Charlottesville Division with respect to the above-captioned matter.  A copy of the Notice of Removal is attached.  This notice effectuates the removal of this action to the United States District Court and operates to stay all further proceedings in the Circuit Court.

                                      **JAYCO, INC.**, **CAMPING WORLD RV SALES, LLC, AND CAMPING WORLD INC.**
                                      By Counsel

_____
Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1940 Duke Street, Suite 200
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

**C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing emailed and mailed this 17th day of October 2018:

> James B. Feinman, Esq.
> James B. Feinman & Associates
> P. O. Box 697
> Lynchburg, VA 24505
> jb@jfeinman.com
>
> Ray Byrd, Jr., Esq.
> 416 South College Avenue
> Salem, Virginia 24153
> ray@iraybyrd.com

_____
Danielle D. Giroux