CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 1 2 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SANDRA G. LEWIS and )
WESLEY S. LEWIS, )
)
    Plaintiff, ) Civil Action No. 3:18CV00100
)
v. ) **MEMORANDUM OPINION**
)
JAYCO, INC., et al., ) By: Hon. Glen E. Conrad
) Senior United States District Judge
    Defendants. )

    This case arises from the purchase of an allegedly defective motorhome. The motorhome was manufactured by Jayco, Inc. ("Jayco") and sold by Camping World RV Sales, LLC (Camping World RV Sales"), an affiliate of Camping World, Inc. (collectively, "Camping World"). Relying on the forum-selection clause contained in the limited warranty applicable to the motorhome, Jayco moved to transfer the case to the Northern District of Indiana. The court held a hearing on the motion on June 27, 2019. During the hearing, the plaintiffs opposed Jayco's motion and alternatively requested that the court transfer the case to the Eastern District of Virginia, based on the forum-selection clause in the purchase agreement. After considering the parties' arguments and applicable caselaw, the court will exercise its discretion to enforce only one of the competing clauses. Specifically, the court will enforce the forum-selection clause in the purchase agreement and transfer all of the plaintiffs' claims to the Eastern District of Virginia. Accordingly, Jayco's motion will be denied and the plaintiffs' oral request to transfer will be granted.

## Background

    Plaintiffs Sandra G. and Wesley S. Lewis reside in Albemarle County, Virginia. On March 17, 2018, the plaintiffs went to Camping World RV Sales in Ashland, Virginia to buy a

motorhome for recreational use. They found a 2018 Alante 31R Class A motorhome (the "Motorhome"), which was being sold by Jayco and Camping World. The plaintiffs purchased the Motorhome that same day. The Motorhome came with a limited warranty from Jayco (the "Limited Warranty") and a separate written warranty from the manufacturer of the chassis, Ford Motor Company ("Ford"). During the course of buying the Motorhome, Sandra Lewis signed a purchase agreement with Camping World RV Sales (the "Purchase Agreement"), as well as a warranty registration and customer delivery form acknowledging receipt of the Limited Warranty.

Prior to purchasing the Motorhome, the defendants and their agents made oral and written representations to the plaintiffs indicating that the Motorhome had been properly inspected prior to delivery and that the Motorhome was free from defects. Camping World RV Sales, "acting as an agent for defendants Jayco and Camping World, Inc.," provided the plaintiffs with a Virginia State Inspection Certification for the Motorhome as part of an effort to convince the plaintiffs that the Motorhome was in good condition and induce them to purchase it. Compl. ¶ 9, Dkt. No. 1-1. The plaintiffs allege that the Virginia State Inspection Certification falsely stated that the Motorhome had satisfactory tires, and that such defect would have been discovered if a proper inspection had actually been performed.

While driving the Motorhome the following day, the plaintiffs "noticed a loud 'clunking' noise that was produced after going over any bump on the road." Id. ¶ 19. When the plaintiffs notified the defendants' agents about the noise, the plaintiffs were falsely informed that it was normal for motorhomes to make such sound while on the road. Relying on the representations made by the defendants' agents, the plaintiffs did not seek to have the Motorhome inspected or repaired.

Over the next few months, the plaintiffs continued to hear the same loud noise. On July 24, 2018, the plaintiffs took the Motorhome to Colonial Auto Center, a licensed Ford dealership.

2

Colonial Auto Center inspected the Motorhome and advised the plaintiffs that "the left front wheel was rubbing the body of the motorhome, thereby creating a safety issue that [rendered] the vehicle unable to be driven." Id. ¶ 24. Colonial Auto Center also informed the plaintiffs that "Jayco's hydraulic stabilizer jack . . . was improperly manufactured and was causing contact between the leaf spring and the body of the motorhome," and that the Motorhome was "incorrectly placed on the chassis and, because of the structural issues arising from this error, was unsafe to drive." Id.

In September of 2018, the plaintiffs filed suit against the defendants in the Circuit Court of Albemarle County, asserting claims of rescission, actual fraud, and violations of the Virginia Consumer Protection Act and the Magnuson-Moss Warranty Act. The defendants removed the case to this court in October of 2018. Upon removal, Jayco moved to transfer the case pursuant to the forum-selection clause contained in the Limited Warranty. That clause states, in pertinent part, as follows:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY, OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING CONTRACT, TORT OR STATUTE, SHALL BE GOVERNED BY [THE] LAWS OF THE STATE OF INDIANA . . . .

Limited Warranty 22, Dkt. No. 1-1.

Jayco's motion was taken under advisement pending the completion of limited discovery relevant to the enforceability of the forum-selection clause in the Limited Warranty. The parties appeared for a hearing on the motion on June 27, 2019. During the hearing, the plaintiffs opposed Jayco's motion and alternatively requested that the court transfer the case to the Eastern District of

3

Virginia based on the forum-selection clause in the Purchase Agreement. That clause states, in pertinent part, as follows:

> Any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof shall be interpreted under the laws of the state in which Dealer is located and venue will be in the state and county in which Dealer is located or the applicable federal court.

Purchase Agreement ¶ 15, Dkt. No. 39-3. The dealer, Camping World RV Sales, is located in Ashland, Virginia, which is in Hanover County. Hanover County is in the Eastern District of Virginia.

## Discussion

A forum-selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). Atlantic Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This statute "therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."[1] Atlantic Marine, 571 U.S. at 59.

In Atlantic Marine, the Supreme Court addressed "the standards to be applied in adjudicating a § 1404(a) motion in a case involving a forum-selection clause." Id. at 52. The Court held that when parties have agreed to a valid forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties

---

[1] Jayco moved to dismiss or transfer the case for improper venue under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). However, the Atlantic Marine Court made clear that "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." 571 U.S. at 59. Nor does such clause deprive a federal court of subject matter jurisdiction. See M/S Bremen v. Zapata off-Shore Co., 407 U.S. 1, 12–13 (1972). Instead, § 1404(a) is the proper vehicle for enforcement of a forum-selection clause. Id. Courts have recognized that "any party, and even the court sua sponte, can move for transfer of an action" under this statute. One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 829 (E.D. Va. 2004); see also Carver v. Knox Cty., 887 F.2d 1287, 1291 (6th Cir. 1989) (observing that § 1404(a) "does not require a motion" and that "a district court may transfer a case sua sponte").

4

clearly disfavor a transfer." Id. Although the Court made clear that, in most cases, district courts must enforce valid forum-selection clauses, "the Court did not have occasion to address how that general rule should apply where . . . , as here, there are other complications such as competing forum-selection clauses." In re Howmedica Osteonics Corp., 867 F.3d 390, 401 (3d Cir. 2017).

In cases involving competing forum-selection clauses, courts typically have at least two options: (1) sever the claims and enforce both forum-selection clauses; or (2) enforce only one of the forum-selection clauses. See In Rolls Royce Corp., 775 F.3d 671, 681 (5th Cir. 2014) (observing that Atlantic Marine does not categorically require severance in all situations); Primary Color Sys. Corp. v. Agfa Corp., No. 8:17-cv-00761, 2017 U.S. Dist. LEXIS 221512, at *16 (C.D. Cal. July 13, 2017) (explaining that "a court may refuse to enforce a forum-selection clause if there are conflicting forum-selection clauses at issue"). In exercising its discretion to determine whether to transfer the case in its entirety or sever certain parties or claims, courts consider "efficiency interests in avoiding duplicative litigation" and "any other public interests that may weigh against enforcing a forum-selection clause." In re Howmedica Osteonics Corp., 867 F.3d at 405. Courts also consider "the non-contracting parties' private interests and any prejudice that a particular transfer decision would cause with respect to those interests." Id. Ultimately, if a court "determines that the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests," the court can decline to enforce a valid forum-selection clause. Id. (quoting Atlantic Marine, 571 U.S. at 66).

Applying these principles, the court finds it appropriate to enforce only one of the forum-selection clauses implicated in this case. For the following reasons, the court will enforce the forum-selection clause in the Purchase Agreement and transfer the entire case to the Eastern District of Virginia.

5

As an initial matter, the court notes that the Purchase Agreement's forum-selection clause is both broad enough to encompass the current dispute and mandatory in nature. The clause extends to "[a]ny controversy, dispute or claim arising out of or relating to" the Purchase Agreement, and mandates that "venue will be in [Hanover County or the Eastern District of Virginia]." Purchase Agreement ¶ 15. The United States Court of Appeals for the Fourth Circuit has recognized that the phrase "ar[ising] out of or relat[ing] to" is a broad one, which is "capable of an expansive reach," Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 2017). The clause does not limit its application to claims of breach of contract and instead "embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute." J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988); see also Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 678 (4th Cir. 2018). Applying this standard, the court has little difficulty concluding that the instant dispute is sufficiently related to the Purchase Agreement to bring it within the scope of the Purchase Agreement's forum-selection clause. The plaintiffs allege that they were fraudulently induced to purchase the Motorhome based on false representations made by the defendants and their agents, and the plaintiffs specifically seek to rescind the Purchase Agreement. Accordingly, its forum-selection clause clearly applies to this dispute.

As indicated above, the clause mandates that "venue will be in [Hanover County or the Eastern District of Virginia]." Purchase Agreement ¶ 15; see also Jayco's Reply Br. in Supp. of Mot. to Dismiss or Transfer ("Reply Br.") 8, n. 4, Dkt. No. 40 (noting that "the forum selection clause in the Purchase Agreement . . . requires any claim to be made in the county or federal court where the dealer is located," and that the dealer in this case "is located in Ashland, Virginia which is in Hanover County"). Because venue is specified with "mandatory or obligatory language," the clause is entitled to a presumption of enforceability. BAE Sys. Tech. Sol. & Servs. v.

Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470, 472 n.7 (4th Cir. 2008) (internal quotation marks omitted). In the absence of any indication that enforcement would be unreasonable under the circumstances, the court concludes that the forum-selection clause in the Purchase Agreement is valid and enforceable.

The court further concludes that the public interests weigh in favor of only enforcing the Purchase Agreement's forum-selection clause. The plaintiffs assert the same causes of action against each defendant. If the court were to enforce both forum-selection clauses implicated in this case, the plaintiffs would have to litigate its claims against Jayco in Indiana and its claims against Camping World in Virginia. "Piecemeal litigation, such as this, would result in a waste of judicial and party resources," Primary Color Sys. Corp., 2017 U.S. Dist. LEXIS 221512, at *17, and "transform an otherwise fairly routine . . . dispute into multidistrict litigation," Artech Info. Sys., LLC v. ProTek Consulting, No. 8:17cv-03468, 2018 U.S. Dist. LEXIS 124127, at *11 (D. Md. July 25, 2018). Although Jayco advocates for transferring the entire case to the Northern District of Indiana to "avoid duplicative and piecemeal litigation," Reply Br. 11, many, if not most, of the primary operative facts, including the sale of the Motorhome, the oral representations made prior to the sale, and the production of the Virginia State Inspection Certification, occurred in Ashland, Virginia. In this context, courts have recognized that "[t]here is a local interest in having localized disputes decided at home." Primary Color Sys. Corp., 2017 U.S. Dist. LEXIS 221512, at *18; see also Atlantic Marine, 571 U.S. at 62 n.6. For these reasons, the court believes that the public interest factors weigh in favor of litigating all of the plaintiffs' claims in the Eastern District of Virginia.

Although Jayco was not a party to the Purchase Agreement, the court has no reason to believe that its private interests would be unduly prejudiced by transferring the entire case to the Eastern District of Virginia. Jayco is represented by the same Richmond, Virginia law firm as

7

Camping World, and the Motorhome was sold through a Jayco dealer in that district. In any event, the court is convinced that the public interests discussed above—particularly, the interests in efficiency and avoiding multiplicity of litigation—substantially outweigh any burden imposed upon Jayco by litigating in the Eastern District of Virginia and any countervailing interest in enforcing the Indiana forum-selection clause in the Limited Warranty. See In re Rolls Royce, 775 F.3d at 679 (recognizing that "the need—rooted in the valued public interest in judicial economy—to pursue the same claims in a single action in a single court can trump a forum-selection clause"); Artech Info. Sys., LLC, 2018 U.S. Dist. LEXIS 124127, at *12 (finding that efficiency and the public interest counseled in favor of declining to enforce a forum-selection clause that only applied to certain parties).

## Conclusion

For the reasons stated, the court will enforce the forum-selection clause in the Purchase Agreement and transfer all of the plaintiffs' claims to the Eastern District of Virginia.[2] Jayco's motion to dismiss or transfer will be denied and the plaintiffs' alternative request to transfer will be granted.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 12th day of August, 2019.

_____
Senior United States District Judge

---

[2] In light of this decision, the court finds is unnecessary to address the plaintiffs' challenges to the validity of the Limited Warranty's forum-selection clause.

8